EXHIBIT A

# EXHIBIT A

COMMONWEALTH OF KENTUCKY
MAGOFFIN CIRCUIT COURT

ELECTRONICALLY FILED

ACTION NO.: 17-CI-________

LENORA BLACKBURN, AS POWER OF ATTORNEY
FOR KATHERINE BARNETT PLAINTIFF

V.

**COMPLAINT**

SALYERSVILLE HEALTH FACILITIES, LP DEFENDANTS
D/B/A SALYERSVILLE NURSING
& REHABILITATION CENTER
5420 W Plano Parkway
Plano, TX 75093

Serve: National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

SALYERSVILLE HEALTH FACILITIES GP, LLC
5500 W Plano Parkway, Suite 210
Plano, TX 75093-4835

Serve: Kentucky Secretary of State
Summonses Branch
The Capitol Building
700 Capital Avenue, Suite 86
Frankfort, Kentucky 40601

For Service Upon: Robert J. Riek
5500 W. Plano Parkway, Suite 210
Plano, TX 75093

KENTUCKY PARTNERS MANAGEMENT LLC
5420 W. Plano Parkway
Plano, TX 75093

Serve: Registered Agent Solutions, Inc.
828 Lane Allen Road, Suite 219
Lexington, KY 40504





Package:000003 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (635228)
Package : 000003 of 000037

PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P.
1701 Directors Blvd, Suite 300
Austin, TX 78744-1044

| | |
|---|---|
| Serve: | Kentucky Secretary of State<br>Summonses Branch<br>The Capitol Building<br>700 Capital Avenue, Suite 86<br>Frankfort, Kentucky 40601 |
| For Service Upon: | Registered Agent Solutions, Inc.<br>1701 Directors Blvd, Suite 300<br>Austin, TX 78744 |

PCPMG, LLC
1701 Directors Blvd, Suite 300
Austin, TX 78744-1044

| | |
|---|---|
| Serve: | Kentucky Secretary of State<br>Summonses Branch<br>The Capitol Building<br>700 Capital Avenue, Suite 86<br>Frankfort, Kentucky 40601 |
| For Service Upon: | Registered Agent Solutions, Inc.<br>1701 Directors Blvd, Suite 300<br>Austin, TX 78744 |

PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC.
5420 W. Plano Parkway
Plano, TX 75093

| | |
|---|---|
| Serve: | National Registered Agents, Inc.<br>306 W. Main Street, Suite 512<br>Frankfort, KY 40601 |

ELAINE JONES, IN HER CAPACITY AS ADMINISTRATOR OF SALYERSVILLE NURSING & REHABILITATION CENTER
P.O. Box 819
Hwy 460
Salyersville, KY 41465

| | |
|---|---|
| Serve: | ELAINE JONES<br>c/o of SALYERSVILLE NURSING & REHABILITATION<br>571 Parkway Drive<br>Salyersville, KY 41465 |



Package:000004 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000004 of 000037

Serve: ELAINE JONES
P.O. Box 819
Hwy 460
Salyersville, KY 41465

** ** ** ** ** ** ** ** ** ** ** ** ** ** **

Comes now the Plaintiff, LENORA BLACKBURN, AS POWER OF ATTORNEY FOR KATHERINE BARNETT, and for its causes of action against Defendants, SALYERSVILLE HEALTH FACILITIES, LP D/B/A SALYERSVILLE NURSING & REHABILITATION CENTER; SALYERSVILLE HEALTH FACILITIES GP, LLC; KENTUCKY PARTNERS MANAGEMENT LLC; PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P.; PCPMG, LLC; PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC.; and ELAINE JONES, IN HER CAPACITY AS ADMINISTRATOR OF SALYERSVILLE NURSING & REHABILITATION CENTER; hereby states as follows:

1. Upon information and belief, KATHERINE BARNETT, except for periods of hospitalization, was a resident of SALYERSVILLE NURSING & REHABILITATION CENTER, located at 571 Parkway Drive, Salyersville, KY 41465 from on or about January 13, 2016 until on or about July 25, 2016. Accordingly, she was a citizen and resident of Magoffin County, Kentucky.

2. At all times relevant to this action, KATHERINE BARNETT was of unsound mind, and remained unsound of mind.

3. LENORA BLACKBURN is the power of attorney of KATHERINE BARNETT. (Copy attached as Exhibit 1)

4. Defendant, SALYERSVILLE HEALTH FACILITIES, LP D/B/A SALYERSVILLE NURSING & REHABILITATION CENTER, is a foreign limited partnership authorized to do business in the State of Kentucky and at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of SALYERSVILLE NURSING



Filed 17-CI-00033 03/03/2017 Tonya Arnett Ward, Magoffin Circuit Clerk

Package:000005 of 000037

Presiding Judge: HON. KIMBERLY CHILDERS (636228)

Package : 000005 of 000037

MANAGEMENT, LLC; PREFERRED CARE PARTNERS MANAGEMENT GROUP, LP; PCPMG, LLC; PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC.; and ELAINE JONES, IN HER CAPACITY AS ADMINISTRATOR OF SALYERSVILLE NURSING & REHABILITATION CENTER; hereby states as follows:

1. Upon information and belief, KATHERINE BARNETT, except for periods of hospitalization, was a resident of SALYERSVILLE NURSING & REHABILITATION CENTER, located at 571 Parkway Drive, Salyersville, KY 41465 from on or about January 13, 2016 until on or about July 25, 2016. Accordingly, she was a citizen and resident of Magoffin County, Kentucky.

2. At all times relevant to this action, KATHERINE BARNETT was of unsound mind, and remained unsound of mind.

3. LENORA BLACKBURN is the power of attorney of KATHERINE BARNETT. (Copy attached as Exhibit 1)

4. Defendant, SALYERSVILLE HEALTH FACILITIES, LP D/B/A SALYERSVILLE NURSING & REHABILITATION CENTER, is a foreign limited partnership authorized to do business in the State of Kentucky and at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of SALYERSVILLE NURSING



Filed 17-CI-00033 03/03/2017 Tonya Arnett Ward, Magoffin Circuit Clerk

Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000005 of 000037

& REHABILITATION CENTER in Magoffin County, Kentucky. SALYERSVILLE HEALTH FACILITIES, LP may be served by Certified Mail as indicated in the style of this action.

5. Defendant, SALYERSVILLE HEALTH FACILITIES GP, LLC, is a foreign limited liability company not authorized to do business in the State of Kentucky, and is the general partner of Defendant, SALYERSVILLE HEALTH FACILITIES, LP. At all times material to this action, Defendant, SALYERSVILLE HEALTH FACILITIES GP, LLC, operated, managed and maintained SALYERSVILLE NURSING & REHABILITATION CENTER. SALYERSVILLE HEALTH FACILITIES GP, LLC may be served by Certified Mail as indicated in the style of this action.

6. Defendant, KENTUCKY PARTNERS MANAGEMENT LLC, is a foreign limited liability company authorized to do business in the State of Kentucky. At all times material to this action, KENTUCKY PARTNERS MANAGEMENT LLC operated, managed and maintained SALYERSVILLE NURSING & REHABILITATION CENTER. KENTUCKY PARTNERS MANAGEMENT LLC may be served by Certified Mail as indicated in the style of this action.

7. Defendant, PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P., is a foreign limited partnership not authorized to do business in the State of Kentucky. At all times material to this action, Defendant, PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P., operated, managed and maintained SALYERSVILLE NURSING & REHABILITATION CENTER. PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P. may be served by Certified Mail as indicated in the style of this action.

8. Defendant, PCPMG, LLC, is a foreign limited liability company not authorized to do business in the State of Kentucky. At all times material to this action, Defendant, PCPMG, LLC, operated, managed and maintained SALYERSVILLE NURSING & REHABILITATION CENTER. PCPMG, LLC may be served by Certified Mail as indicated in the style of this action.



Package : 000006 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000006 of 000037

9. Defendant, PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC. is a foreign corporation authorized to do business in the State of Kentucky. At all times material to this action, Defendant, PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC., operated, managed and maintained SALYERSVILLE NURSING & REHABILITATION CENTER. PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC. may be served by Certified Mail as indicated in the style of this action.

10. Upon information and belief, Defendant, ELAINE JONES, was an Administrator of SALYERSVILLE NURSING & REHABILITATION CENTER during KATHERINE BARNETT's residency. The Administrator may be served by Certified Mail as indicated in the style of this action.

11. Whenever the term "Resident" is utilized within this Complaint, such term refers to KATHERINE BARNETT.

12. Whenever the term "Facility" is utilized within this Complaint, such term refers to SALYERSVILLE NURSING & REHABILITATION CENTER.

13. Whenever the term "Administrator Defendant(s)" is utilized within this Complaint, such term individually and collectively refers to and includes ELAINE JONES, IN HER CAPACITY AS ADMINISTRATOR OF SALYERSVILLE NURSING & REHABILITATION CENTER.

14. Whenever the term "Preferred Care Defendants" is utilized within this Complaint, such term collectively refers to and includes SALYERSVILLE HEALTH FACILITIES, LP D/B/A SALYERSVILLE NURSING & REHABILITATION CENTER; SALYERSVILLE HEALTH FACILITIES GP, LLC; KENTUCKY PARTNERS MANAGEMENT LLC; PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P.; PCPMG, LLC; and PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC.



Package:000007 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000007 of 000037

15. Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this Complaint.

16. Defendants controlled the operation, planning, management, budget and quality control of the Facility. The authority exercised by Defendants over the Facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the Facility, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

17. Jurisdiction and venue are proper in this Court.

**FACTUAL ALLEGATIONS**

18. Upon information and belief, the Resident was looking to the Preferred Care Defendants for treatment of the Resident's total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the Facility would treat the Resident.

19. At all relevant times mentioned herein, the Preferred Care Defendants owned, operated, managed, controlled and/or provided services to the Facility, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

20. The Preferred Care Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

21. The Preferred Care Defendants failed to discharge their obligations of care to the Resident, and in so failing, displayed a conscious disregard for the Resident's rights and safety. At all times mentioned herein, the Preferred Care Defendants, individually and/or through their corporate





Package:000008 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000008 of 000037

Filed 17-CI-00033 03/03/2017 Tonya Arnett Ward, Magoffin Circuit Clerk

officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by the Resident, as more fully set forth below. The Preferred Care Defendants knew that the Facility could not provide the minimum standard of care to the weak and vulnerable residents of the Facility, including the Resident.

22. Due to the wrongful conduct of the Preferred Care Defendants, the Resident suffered accelerated deterioration of the Resident's health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

a) Medication error(s); and

b) Skin integrity issues.

23. The Resident also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of the Defendants as alleged below.

24. The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, the Resident's health deteriorated and the Resident required medical treatment.

## CAUSES OF ACTION AGAINST THE PREFERRED CARE DEFENDANTS

## COUNT ONE NEGLIGENCE

25. Plaintiff incorporates all allegations in Paragraphs 1 – 24.

26. The Preferred Care Defendants owed a non-delegable duty to the Resident to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.



Filed 17-CI-00033 03/03/2017 Tonya Arnett Ward, Magoffin Circuit Clerk

Package:000009 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000009 of 000037

27. Upon information and belief, the Preferred Care Defendants knowingly developed and maintained staffing levels at the Facility in disregard of patient acuity levels as well as the minimal time required for the Facility's employees to perform the essential functions of providing care to the Resident.

28. The Preferred Care Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a) Failure by the members of the governing body of the Facility to discharge their legal and lawful obligation by:

   1. ensuring compliance with the rules and regulations designed to protect the health and safety of the Resident, as promulgated by the Cabinet for Health Services, Division of Long Term Care;

   2. ensuring compliance with the resident care policies for the Facility; and

   3. ensuring that appropriate corrective measures were implemented to correct problems concerning adequate resident care;

b) Failure to develop, implement and follow policies to assist the Facility in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote the Resident's healing or cure;

c) Failure to maintain all records on the Resident in accordance with accepted professional standards and practices that were complete, accurately documented, readily accessible, and systematically organized with respect to the Resident's diagnosis, treatment, and appropriate care plans of care and treatment;

d) Failure to provide the minimum number of qualified personnel to meet the total needs of the Resident;

e) Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f) Failure to ensure that the Resident received adequate and proper custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

g) Failure to monitor or increase the number of nursing personnel at the Facility to ensure that the Resident:

   1) received timely and accurate care assessments;



Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000010 of 000037

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision;

5) received timely custodial, nursing and medical intervention due to significant changes in condition;

h) Failure to have in place adequate guidelines, policies and procedures for the Facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

i) Failure to make reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the Facility; and

j) Failure to protect the Resident from abuse and neglect; and

k) Failure to increase the number of personnel at the Facility to ensure that the Resident did not suffer the above-listed failures.

29. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to the Resident. With regard to each of the foregoing acts of negligence, the Preferred Care Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of the Resident.

30. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, the Resident suffered the injuries described herein. Plaintiff asserts a claim for judgment against the Preferred Care Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled to by law.

**COUNT TWO**
**MEDICAL NEGLIGENCE**

31. Plaintiff incorporates all allegations contained in Paragraphs 1 – 30.





Package:000011 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000011 of 000037

32. The Preferred Care Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same or similar circumstances.

33. The Preferred Care Defendants failed to meet applicable standards of medical care. The medical negligence of the Preferred Care Defendants included, but was not limited to, the following acts and omissions:

a) Overall failure to ensure that the Resident received the following:

1) received timely and accurate care assessments;

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision and protection;

5) received timely custodial, nursing and medical intervention due to significant changes in condition;

b) Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of the Resident throughout the residency;

c) Failure to provide and implement an adequate nursing care plan based on the needs of the Resident;

d) Failure to provide care, treatment, testing and medication in accordance with physician's orders;

e) Failure to adequately and appropriately monitor the Resident and recognize significant changes in the Resident's health status, and to timely notify the Resident's physician of significant changes in the Resident's health status;

f) Failure to ensure the Resident was not deprived of the services necessary to maintain the Resident's health and welfare;

g) Failure to inform the physician and family of significant changes in condition;

h) Failure to ensure that the Resident received adequate and proper supervision and hygiene as well as infection control procedures;





Package:000012 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000012 of 000037

i) Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for the Resident;

j) Failure to provide proper supervision, treatment, assessment and monitoring of the Resident to prevent the above-listed injuries;

k) Failure to administer and secure appropriate medical care following the development and/or discovery of the Resident's above-listed injuries; and

l) Failure to increase the number of personnel at the facility to ensure that the Resident did not suffer the above-listed failures.

34. It was foreseeable that the breaches of care listed above would result in serious injuries to the Resident. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

35. With regard to each of the foregoing acts of professional or medical negligence, the Preferred Care Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of the Resident.

36. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, the Resident suffered the injuries described herein. Plaintiff asserts a claim for judgment against the Preferred Care Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

**COUNT THREE**
**CORPORATE NEGLIGENCE**

37. Plaintiff re- incorporates the allegations in Paragraphs 1 – 36.

38. Upon information and belief, the Resident was looking to the Facility for treatment of the Resident's physical ailments and not merely as the situs where others not associated with the



Package:000013 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (635228)
Package : 000013 of 000037

Facility would treat the Resident for the Resident's problems. There is a presumption that the treatment the Resident received was being rendered through employees of the Preferred Care Defendants and that any negligence associated with that treatment would render the Preferred Care Defendants responsible. The Preferred Care Defendants or persons or entities under their control, or to the extent the Preferred Care Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including the Resident, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

39. The Preferred Care Defendants owed a non-delegable duty to assist the Resident in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote the Resident's cure.

40. The Preferred Care Defendants owed a duty to the Resident to maintain the Facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

41. The Preferred Care Defendants owed a duty to the Resident to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by the Preferred Care Defendants to insure smoothly run facilities and adequate resident care.

42. The Preferred Care Defendants owed a duty to the Resident to provide a safe environment, to provide treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding the Resident from danger due to the Resident's physical and/or mental incapacity to care for himself/herself. The Preferred Care Defendants had a duty to protect

Package:000014 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636220)
Package : 000014 of 000037

the Resident from any danger which the surroundings would indicate might befall the Resident in view of any peculiar trait exhibited by the Resident on which the Resident's mental condition or aberration would suggest as likely to happen.

43. Upon information and belief, the negligence of the Preferred Care Defendants, their employees, agents and consultants, includes, but is not limited to, one or more of the following acts and omissions:

a. Staffing

i) Nursing home residents often are unable to care for themselves; thus, they rely on nursing home staff to provide many, if not all, of their activities of daily living (ADL's). Nursing facilities have a common-law duty, as well as a statutory duty, to have sufficient nursing staff to provide for the needs of their residents.

ii) The Preferred Care Defendants are responsible and required to provide sufficient resources to hire and maintain sufficient staff to ensure that these residents' needs are met.

iii) Additionally, when the Preferred Care Defendants fail to provide sufficient resources to hire and maintain sufficient staff, the staff who are present are unable to meet the total needs of the residents through no fault of their own.

iv) When the Preferred Care Defendants fail to provide sufficient resources to hire and maintain sufficient staff, those who are present must take shortcuts with respect to all aspects of their job and are unable to do their job.

v) Rather than hiring and maintaining sufficient staff, Preferred Care Defendants hired too few registered nurses, too few LPN's, and too few certified nursing assistants. More importantly, too many of these staff members skipped work or terminated their employment because they did not have enough co-workers to properly care for the residents who depended upon them, or because of deplorable working conditions, or because the pay set by these Preferred Care Defendants was too low, or such other reasons as will be proven at trial of this matter.

b. The Preferred Care Defendants failed to implement adequate guidelines, policies and procedures for:





Package 000015 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000015 of 000037

i) Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the Facility by any state or federal survey agency;

ii) Determining the cause of any such deficiencies, violations or penalties;

iii) Correcting deficiencies or licensure violations or penalties found to exist at the Facility;

iv) Notifying residents affected by and those potentially affected by deficiencies cited by any state or federal survey agency.

c. Adopting adequate guidelines, policies, and procedures for determining whether the Facility had sufficient numbers of nursing personnel to:

i) Provide 24-hour compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations;

ii) To correct and address all failures to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

d. The Preferred Care Defendants failed to adopt adequate guidelines, policies, and procedures at the Facility for documenting; maintaining files; investigating and responding to any complaint regarding compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations by employees at the Facility regardless of whether such complaint derived from a state survey agency, a resident of the Facility, an employee of the Facility or any interested person. This failure resulted in injury, abuse and neglect to residents of the Facility, including the Resident.

e. Budgeting or Allocation of Resources

i) The Preferred Care Defendants were responsible for providing accurate information regarding the monetary needs of the Facility so that a workable budget could be set.

ii) The Preferred Care Defendants were required to administer the Facility in a manner that enabled it to use resources effectively and efficiently to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

iii) The Preferred Care Defendants were responsible for allocating funds within the budget in a manner that ensured that compliance with all contracts, all statutes or rules, and/or all applicable federal statutes or regulations.





Package 000016 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000016 of 000037

iv) The Preferred Care Defendants failed to properly allocate the budgetary needs of the Facility and to properly allocate the funds budgeted to the Facility for compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations, resulting in the following:

a) Staffing levels that were insufficient to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each resident, and

b) Supplies and food were insufficient to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each resident.

v) Upon information and belief, rather than properly allocating the budgeted funds, the Preferred Care Defendants inappropriately allocated or allowed funds to be paid to management companies that did not assist or even participate in managing the care provided to the residents. Rather, the Preferred Care Defendants only enhanced the profits of the home, allocated funds to employees whose only duties were non-patient oriented and to items and services that were unnecessary to achieve the proper goal of compliance with all contracts, all statutes or rules, and/or all applicable federal statutes or regulations.

vi) The failure to adequately budget and allocate resources to the facility directly caused damages to the Resident.

f. Corporate Compliance and Reporting

i) The Preferred Care Defendants were responsible for ensuring that the Facility complied with state and federal standards as to the residents of the home. To that end, they were required to file various reports with regulatory entities.

ii) The Preferred Care Defendants were charged with the responsibility of reporting instances of non-compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations that occurred at the Facility. Upon information and belief, their failure to properly and timely do so resulted in additional injuries to residents, including the Resident.

iii) Upon information and belief, the Preferred Care Defendants failed to properly recognize and report instances of non-compliance occurring at the Facility, and further failed to correct those instances. These failures to report resulted in the appearance of a Facility that was properly managed and maintained. This false and misleading appearance induced the family of the Resident to place the Resident



Package : 000017 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000017 of 000037

in the Facility and misled them as to the Facility's compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Further, upon information and belief, because certain problems were not reported or were under-reported, the Facility escaped inspections and investigations by regulatory agencies and even in-house reviews that might have corrected the deficiencies. These deficiencies that the Facility experienced created a more dangerous environment in which additional injuries could occur to residents, including the Resident.

iv) The Preferred Care Defendants were responsible for ensuring that no claims for reimbursement were submitted to the federal or state governments for services that were not provided or services provided that did not comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Upon information and belief, the Preferred Care Defendants submitted inaccurate claims because of the various staffing issues listed above, resulting in unjust enrichment to the Facility.

v) The failure to adequately comply with and report violations of state and federal standards directly caused harm to the Resident.

44. A reasonably careful corporation, operating under similar circumstances, would foresee that the failure to provide the appropriate oversight, management, direction, and/or control would result in poorly operated nursing homes such as the Facility and devastating injuries to residents, including the Resident.

45. With regard to each of the foregoing acts of negligence, the Preferred Care Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of the Resident.

46. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, the Resident suffered the injuries described herein. Plaintiff asserts a claim for judgment against the Preferred Care Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount



Package:000018 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000018 of 000037

to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT FOUR
## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

47. Plaintiff incorporates all of the allegations in Paragraphs 1 – 46.

48. The Preferred Care Defendants violated statutory duties owed to the Resident as a resident of a long term care facility, Kentucky Revised Statutes sections 216.510 *et seq.* These statutory duties were non-delegable.

49. The violations of the resident's rights of the Resident include, but are not limited to, the following:

a) Violation of the right to be treated with consideration, respect, and full recognition of the Resident's dignity and individuality, including privacy in treatment and in care for the Resident's personal needs;

b) Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

c) Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident; and

d) Violation of the right to be free from mental and physical abuse and neglect.

50. The aforementioned deprivations and infringements of the rights were gross, wanton or reckless conduct or conducted with conscious indifference to the rights of Marine Hamilton.

51. Plaintiff is entitled to recover actual and punitive damages from "The Signature Defendants" in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees.

Package:000019 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636223)
Package : 000019 of 000037

**CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT(S)**

**FACTUAL ALLEGATIONS**

52. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 – 51 as if fully set forth herein.

53. As administrator of the Facility, Administrator Defendant(s) was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant(s) owed ordinary duties of care to the Resident, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et* seq.

54. As a holder of a nursing home administrator's license for the Facility, Administrator Defendant(s) was legally and individually responsible for the operation of the Facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

55. Administrator Defendant(s) was also responsible for the total management of the Facility pursuant to federal law.

56. The management responsibilities of Administrator Defendant(s) included ensuring that the Facility operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

57. Administrator Defendant(s) was responsible for ensuring that the Facility complied with state and federal regulations related to nursing facilities. Administrator Defendant(s) had duties to administrate the Facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well–being of each resident. The Facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes



Package : 000020 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636224)
Package : 000020 of 000037

and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant(s) breached his/her duties of care to the Resident by failing to meet these requirements.

**COUNT ONE**
**NEGLIGENCE**

58. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 – 57 as if fully set forth herein.

59. As administrator of the Facility, Administrator Defendant(s) owed a duty to the residents of the Facility, including the Resident, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

60. Upon information and belief, Administrator Defendant(s) breached his/her duties owed to the residents of the Facility, including the Resident, during his/her tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide the Resident the care the Resident required. The negligence of Administrator Defendant(s) includes, but is not limited to, the following acts and omissions:

a) Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that the Resident received the following:

1) received timely and accurate care assessments;

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision and protection;

5) received timely custodial, nursing and medical intervention due to significant changes in condition;

b) Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;



Presiding Judge: HON. KIMBERLY CHILDERS (636220)
Package : 000021 of 000037
Package-000021 of 000037

c) Failure to ensure that the Resident was provided with basic and necessary care and supervision;

d) Failure to ensure that the Resident received care, treatment, testing and medication in accordance with physician's orders;

e) Failure to ensure that the Resident attained and maintained the Resident's highest level of physical, mental, and psychosocial well–being;

f) Failure to ensure that the Resident was treated with the dignity and respect that all nursing home residents are entitled to receive;

g) Failure to provide a safe environment for the Resident;

h) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

i) Failure to discipline or terminate employees at the facility assigned to the Resident that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j) Failure to adopt adequate guidelines, policies, and procedures for:

1) investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

2) determining the cause of any such deficiencies, violations, or penalties;

3) establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4) determining whether the facility had sufficient numbers of personnel to meet the total needs of the Resident; and

5) documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

k) Failure to maintain all records on the Resident in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to



Package : 000022 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636223)
Package : 000022 of 000037

the Resident's diagnosis, treatment, and appropriate care plans of care and treatment;

l) Failure to inform the physician and family of significant changes in condition;

m) Failure to increase the number of personnel at the facility to ensure that the Resident received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention, hygiene, feeding, and administering medications;

n) Failure to ensure that staff provide the Resident with adequate and proper infection control measures, supervision, skin care, medication administration and hygiene;

o) Failure to ensure that staff provided proper supervision, treatment, assessment and monitoring of the Resident to prevent the Resident from suffering the above-listed injuries;

p) Failure to ensure that staff administered and secured appropriate medical care for the Resident's above-listed injuries; and

q) Failure to increase the number of personnel at the facility to ensure that the Resident did not suffer the above-listed failures.

61. A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to the Resident. Each of the foregoing acts of negligence on the part of Administrator Defendant(s) was accompanied by such wanton or reckless disregard for the health and safety of the Resident as to constitute gross negligence.

62. Additionally, Administrator Defendant(s) failed to operate, manage or administer the Facility in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, including, but not limited to:

a) Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 et seq.;





Package:000023 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000023 of 000037

Filed 17-CI-00033 03/03/2017 Tonya Arnett Ward, Magoffin Circuit Clerk

b) Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist the Resident with the Resident's needs;

c) Failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d) Failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well – being of the Resident, and in accordance with the comprehensive assessment and plan of care created at the Facility;

e) Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to the Resident in accordance with the resident care plan generated at the Facility;

f) Failure to administer the Facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of the Resident;

g) Failure to ensure a nursing care plan based on the Resident's problems and needs was established which contained measurable objectives and time tables to meet the Resident's medical, nursing, mental, and psychosocial needs as identified in the Resident's comprehensive assessment when the Resident's needs changed; and

h) Failure to notify the Resident's family and physician of a need to alter the Resident's treatment significantly.

63. The Resident was member of a class intended to be protected by the above laws and regulations. The injuries alleged described above resulted from events the laws and regulations were designed to prevent.

64. It was foreseeable that these breaches of statutory duties would result in serious injuries to the Resident. Each of the foregoing acts of negligence *per se* on the part of Administrator Defendant(s) was accompanied by such wanton or reckless disregard for the health and safety of the Resident as to constitute gross negligence.

65. As a direct and proximate result of such negligent, grossly negligent, wanton, or reckless conduct, the Resident suffered the injuries described above, and Plaintiff asserts a claim for


Filed 17-CI-00033 03/03/2017 Tonya Arnett Ward, Magoffin Circuit Clerk
Package:000024 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000024 of 000037

judgment for all compensatory and punitive damages against Administrator Defendant(s) including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

66. Plaintiff hereby incorporates all allegations in Paragraphs 1 – 65.

67. As a direct and proximate result of the negligence of all Defendants as set out above, the Resident suffered injuries including, but not limited to, those listed herein. Accordingly, the Resident incurred significant medical expenses, and suffered embarrassment, and physical impairment..

68. The acts and omissions of the Defendants as described herein, were reckless or were grossly negligent and Plaintiff is thereby entitled to an award of punitive damages in an amount to be determined by the Jury, but exceeding the minimum jurisdictional limits of this Court.

69. Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## DECLARATORY ACTION

70. Plaintiff hereby incorporates all allegations in Paragraphs 1 – 69.

71. Prior to filing suit the Plaintiff obtained from the Facility what was represented to be a full and complete copy of the chart concerning the Resident. The chart contains several documents that are typically understood to be business documents but does not contain any document evidencing an arbitration agreement.





Package:000025 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000025 of 000037

72. Nonetheless, Plaintiff anticipates that Defendants may be in possession of an arbitration agreement and will seek to arbitrate the claims asserted herein.

73. Plaintiff opposes arbitration.

74. Accordingly, Plaintiff seeks a declaration of rights pursuant to KRS 418.040; more specifically, Plaintiff seeks a declaration that any such arbitration agreement is unenforceable or, alternatively, that Defendants have waived their right to arbitrate the claims asserted herein.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, LENORA BLACKBURN, AS POWER OF ATTORNEY FOR KATHERINE BARNETT, prays for judgment against Defendants, SALYERSVILLE HEALTH FACILITIES, LP D/B/A SALYERSVILLE NURSING & REHABILITATION CENTER; SALYERSVILLE HEALTH FACILITIES GP, LLC; KENTUCKY PARTNERS MANAGEMENT LLC; PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P.; PCPMG, LLC; PREFERRED CARE OF DELAWARE, INC. D/B/A PREFERRED CARE, INC.; and ELAINE JONES, IN HER CAPACITY AS ADMINISTRATOR OF SALYERSVILLE NURSING & REHABILITATION CENTER, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted,

LENORA BLACKBURN, AS POWER OF ATTORNEY FOR KATHERINE BARNETT

By: /s/ Miller Kent Carter
MILLER KENT CARTER
BENJAMIN LOUIS CARTER
*Carter & Lucas*
P.O. Box 852
Pikeville, Kentucky 41502





Package:000026 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000026 of 000037

(606) 433-1997
kcarter@carterandlucas.com
bcarter@carterandlucas.com

Package 000027 of 000037
Presiding Judge: HON. KIMBERLY CHILDERS (636228)
Package : 000027 of 000037