UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| SALYERSVILLE HEALTH FACILITIES, L.P., d/b/a SALYERSVILLE NURSING & REHABILITATION CENTER, SALYERSVILLE HEALTH FACILITIES GP, LLC, KENTUCKY PARTNERS MANAGEMENT, LLC, PREFERRED CARE PARTNERS MANAGEMENT GROUP, LP, PCPMG, LLC, and PREFERRED CARE OF DELAWARE, INC., d/b/a PREFERRED CARE, INC., <br><br> Petitioners, <br><br> V. <br><br> LENORA BLACKBURN, as Power of Attorney for, KATHERINE BARNETT, <br><br> Respondent. | CIVIL ACTION NO. 7:17-60-KKC <br><br> <u>OPINION & ORDER</u> |

\*\*\* \*\*\* \*\*\*

Katherine Barnett is a former resident of the Salyersville Nursing and Rehabilitation Center. Lenora Blackburn, Barnett's power of attorney, brought suit in state court asserting a number of state law claims related to Barnett's stay at the nursing home. Salyersville Health Facilities, L.P. ("Salyersville") then filed a petition in this Court seeking to enforce an arbitration agreement signed by the parties and to compel the parties arbitrate those claims pursuant to Section 4 of the Federal Arbitration Act (DE 1). While this Court considered Salyersville's motion to expedite consideration (DE 3) of its petition, Blackburn filed a motion for summary judgment and declaratory relief regarding the enforceability of the arbitration agreement at issue in Magoffin County Circuit Court (DE 9). On April 24, 2017, the same day that the petition to compel arbitration became ripe for consideration in this Court, the

1

Magoffin County state court issued a one-page order granting Blackburn's motion for summary judgment, finding the arbitration agreement between the two parties to be unenforceable for a lack of mutuality of obligation (DE 18-1). Salyersville has since appealed the state court judgment (DE 22).

Squarely now before this Court is a similar situation faced by another court in this district. In *Preferred Care of Delaware, Inc. v. VanArsdale*, a district court relied upon the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), to decline its exercise of jurisdiction after a state court issued an interlocutory ruling on the enforceability of an arbitration agreement. 152 F.Supp.3d 929, 930–32 (E.D. Ky. 2016). That decision was subsequently affirmed by the Sixth Circuit Court of Appeals in *Preferred Care of Delaware, Inc. v. VanArsdale,* 676 F. App'x 388 (6th Cir. Jan 13, 2017). Despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). After careful consideration and in light of the Sixth Circuit's decision in *VanArsdale*, the Court concludes that *Colorado River* abstention is appropriate in this case and will decline to exercise jurisdiction.

There is a two-step process for determining whether abstention is appropriate under *Colorado River*. The Court must first decide whether the federal and state suits are similar enough to be parallel. *Romine*, 160 F.3d at 339. It is not necessary that the proceedings be identical, nor is it necessary that the parties be identical. *Id*. Instead, as long as the claims raised "are predicated on the same allegations as to the same material facts" and the parties

are "substantially similar," the dual actions are similar enough to qualify as parallel under *Colorado River*. *Id.* at 340.

The parties are parallel in this case. Save for one nursing administrator, the parties overlap in the federal and state court action, and both cases turn on the same ultimate legal question—whether the arbitration agreement is enforceable and requires that Blackburn arbitrate her claims brought against Salyersville. Accordingly, "the two actions are similar enough to satisfy the threshold requirement under *Colorado River* that they be parallel." *VanArsdale*, 676 F. App'x at 394.

Now to the propriety of abstention under *Colorado River*. To determine whether this case fits under the exceptional circumstances counseling in favor of abstention, the Court considers a list of factors. The factors are:

(1) whether the state court has assumed jurisdiction over any res or property;

(2) whether the federal forum is less convenient to the parties;

(3) whether the two cases would cause piecemeal litigation;

(4) the order in which the state and federal courts obtained jurisdiction;

(5) whether the source of governing law is state or federal;

(6) whether the state court will adequately protect the federal plaintiff's rights;

(7) how far the state and federal cases have proceeded; and

(8) whether or not the courts have concurrent jurisdiction over the issues.

*Romine*, 160 F.3d at 340–41. These factors are not meant to be a "mechanical checklist." *Id.* at 341. Rather, the Court should balance all of them to decide whether *Colorado River* abstention is appropriate with the scale initially tilting in favor of exercising jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983).

The first two factors carry no weight at all, which means they counsel against abstention. The state court has not assumed any jurisdiction over any property. Likewise, there is no real argument that the federal forum in Pikeville is any less convenient to the parties that the state forum in Magoffin County, despite Blackburn's contention that the forty-five mile distance between courthouses weighs in favor of abstention. (DE 14, at 9). *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001).

The third and "paramount" factor under *Colorado River*—avoiding piecemeal litigation—supports abstention in this specific case. As explained in *Moses H. Cone*, the danger for piecemeal litigation is the reason why *Colorado River* abstention doctrine exists in the first place. *Moses H. Cone*, 460 U.S. at 19. When two courts adjudicate the same issue, they "duplicat[e] judicial effort" and "potentially render[ ] conflicting results." *Romine*, 160 F.3d at 341. But "the mere potential for conflict" does not alone "warrant staying [the] exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816.

The Sixth Circuit's decision in *VanArsdale* explains the issue in this case. As in *VanArsdale*, this Court, without abstaining, "would necessarily have to litigate the same issue resolved by the state trial court and now under consideration by the state intermediate court"—whether the arbitration agreement is enforceable. *VanArsdale*, 676 F. App'x at 395. "[T]his is the very definition of creating piecemeal litigation—where different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Id*. (internal quotations and citations omitted).

Salyersville rejects this conclusion and argues that "the FAA and the strong federal policy favoring arbitration '*require*[] piecemeal resolution when necessary to give effect to an arbitration agreement.'" (DE 17, at 16) (quoting *Moses H. Cone*, 460 U.S. at 20) (emphasis in original)), which means that it is "rarely appropriate for a federal court to abstain from ruling

4

on a motion to compel arbitration." (DE 17, at 16) (quoting *R.J. Griffin & Company v. Beach Club II Homeowners Ass'n, Inc.*, 3 Fed. App'x 43, 45 (4th Cir. 2001) (citing *Moses H. Cone*, 460 U.S. at 25)).

The Court finds *VanArsdale*'s discussion and resolution of the same argument persuasive:

> Preferred Care disputes this conclusion by pointing to language in *Moses H. Cone* apparently suggesting that this factor concerns not which court decides arbitrability, but "whether failure to abstain would cause piecemeal resolution of the parties' underlying disputes." It is true that the concern for piecemeal litigation rejected in *Moses H. Cone* was based on the possibility of different fora resolving different underlying disputes, and the Supreme Court said this was inherent in suits involving underlying contractual claims not all of which are subject to arbitration. The Court did not address piecemeal litigation of the arbitration issue itself, but that is the issue here. Bearing more directly on these facts is this court's holding in *Romine*, echoing *Colorado River* and earlier Supreme Court cases, *see Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)), which makes clear that by resolving a claim already considered in a state court, a federal court would also be creating piecemeal litigation within the meaning of this factor, by duplicating the resolution of the very same issue in different courts. *Romine*, 160 F.3d at 341. As that would necessarily occur in this case if the federal court were now to decide the arbitrability issue for itself, this factor accordingly counsels abstention.

*VanArsdale*, 676 F. App'x at 395.

The fourth factor—the order in which the courts respectively gained jurisdiction—and the seventh factor—the relative progress of the state and federal proceedings—both weigh in favor of abstention. While Salyersville is correct that the issue of the enforceability of the arbitration was first raised in this Court in Salyersville petition to compel arbitration, the state court disposed of the arbitration issue on the day the matter became ripe in this Court and before the Court was able to issue any ruling. In terms of the progress of the proceedings, there is no doubt that the state proceeding has advanced beyond that of the federal court. The state court granted summary judgment (DE 18) on April 27, 2017, and Salyersville

5

appealed, (DE 22), placing the issue before the state intermediate court. Both factors, then, weigh in favor of abstention.

The fifth factor, which concerns the source of governing law, "does not clearly favor or disfavor abstention," *VanArsdale*, 676 F. App'x at 396. Thus, it must weigh, however slightly, toward not abstaining. The FAA is the basis of interpreting the disputed arbitration agreement as a whole, *see PaineWebber*, 276 F.3d at 208–09, and while state law also is implicated with respect to the validity of the arbitration agreement, "the presence of federal law issues must always be a major consideration weighing against surrender of federal jurisdiction in deference to state proceedings." *PaineWebber*, 276 F.3d at 208. But given that the enforceability of the arbitration agreement in the central issue before both courts, state law is "at least as much at issue as federal law." *VanArsdale*, 676 F. App'x at 396. Thus, the fifth factors tilts the scale ever-so slightly against abstention.

The eighth factor under *Colorado River* is the presence or absence of concurrent jurisdiction. Under this factor, if concurrent jurisdiction exists, the court is more likely to abstain. There is concurrent jurisdiction in this case over the question of arbitrability. The existence of concurrent jurisdiction, standing alone, "is insufficient to justify abstention," This factor, however, "is insufficient to justify abstention despite concurrent jurisdiction in state and federal court where a congressional act provides the governing law and expresses a preference for federal litigation," *PaineWebber*, 276 F.3d at 208, as the FAA does here. *Moses H. Cone*, 460 U.S. at 25 n. 32. Nevertheless, as set out in *PaineWebber*, the existence of concurrent jurisdiction "marginally, if at all, favors abstention." *PaineWebber*, 276 F.3d at 208; *VanArsdale*, 676 F. App'x at 397 ("[*PaineWebber*] nevertheless concluded that, because the source-of-law factor there favored exercising jurisdiction, this factor likewise weighed in favor of exercising jurisdiction and thus against abstention. [] Here, by contrast, where the

6

source of the relevant law lies at least partly with the state, this factor accordingly tips, however slightly, in favor of abstention.").

The final factor to consider is whether the state court will adequately protect the federal plaintiff's rights. The FAA "extends Congress's legislative authority to the maximum extent permitted under the Commerce Clause, and is therefore binding on state courts that interpret contracts involving interstate commerce." *PaineWebber*, 276 F.3d at 208 (citation omitted). That effect "presents the strongest basis for abstaining, because the state court action is adequate to protect" Salyersville's interest. *Id.*; *Preferred Care, Inc. v. Howell*, 187 F. Supp.3d 796, 806 (E.D. Ky. 2016) ("And this Court sees no reason why the state court would shirk its duty to adequately enforce the FAA in this case."). Salyersville argues that this case is unlike the others in that here the state court relied on another state's law to find the arbitration agreement unenforceable. (DE 21, at 9). It is impossible to say, Salyersville argues, that the state forum can protect its rights because the state court has already seemingly shirked its duty to apply Kentucky law. True enough, the Court can offer no explanation for why the state court decided to not to cite Kentucky law in its decision. However, it remains true that the FAA is binding on the state intermediate court. Moreover, the issue of the arbitration agreement's validity is one of state law. This Court is reluctant to say that the state intermediate court could not or will not rule inconsistently with its own law, thereby protecting Salyersville's rights under the FAA.

This Court is mindful that abstention "is the exception, not the rule," *Colorado River*, 424 U.S. at 813, and that it requires such exceptional circumstances to abstain from the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817–18. However, whether to abstain is an inquiry largely dependent on the careful balancing of factors in a given case. *Moses H. Cone Mem. Hosp.*, 460 U.S. at 16. In close calls, then, it is only right that the Court look up to superior courts for guidance. In this instance,

7

the Sixth Circuit has ruled on a strikingly similar case in *VanArsdale*. While Salyersville reminds that it is not binding, it is certainly unwise for a district court to ignore the persuasive authority of a case that is on point, particularly when it is issued by the Sixth Circuit. *VanArsdale* affirmed a district court's decision to abstain in a case where a state court had already disposed of issue central to both state and federal action, the state court decision was under consideration by state intermediate court where both courts had jurisdiction over question of arbitrability, and where district court would necessarily have had to litigate same issues without abstention. That case is this case. "Although the balance of considerations made relevant by *Colorado River* would ordinarily weigh heavily against abstention," *VanArsdale*, 676 F. App'x at 397, under the narrow circumstances of this case, it is appropriate to decline to exercise its jurisdiction.

Accordingly, **IT IS ORDERED** that:

1. That this matter is hereby **STAYED** pending the parallel action in Magoffin Circuit Court;

2. That all pending motions in this matter are hereby **DENIED AS MOOT;**

3. That the Plaintiffs are **ORDERED** to file a Notice of Status of State Court Proceedings once every six (6) months until the parallel state court proceeding has been fully adjudicated; and

4. That the Plaintiffs are further **ORDERED** to file a Notice of Completion of State Court Proceedings as soon as the parallel state court action has been fully adjudicated.

Dated August 1, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY